UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANUEL CAPAZ
*on behalf of himself and*
*those similarly situated*,

       Plaintiff,

vs.                                 Case No. 8:07-cv-224-T-24-MSS

WHITAKER, WEINSTRAUB &
GRIZZARD, M.DS., P.A.,

       Defendant.
_____

**O R D E R**

       This cause comes before the Court on Defendant's Motion for More Definite Statement. (Doc. No. 13.)  Plaintiff has filed a Response in opposition to the Motion.  (Doc. No. 17.)  For the reasons stated herein, Defendant's Motion is denied.

       On January 16, 2007, Plaintiff filed a one-count Complaint against Defendant for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. § 216(b).  (Doc. No. 1.)  Plaintiff filed suit on behalf of himself and others similarly situated.  He alleges that he worked for Defendant as an hourly paid lab technician and that during his employment, he was entitled to receive payment of time and one-half his regular rate of pay for each hour worked in excess of forty hours per week.  Plaintiff alleges that he and those similarly situated to him worked overtime hours but were not properly compensated.

       On May 18, 2007, Defendant filed the instant Motion for More Definite Statement on the grounds that Plaintiff failed to allege specific facts such as the names of those similarly situated, the dates of employment, the rate of wages, and the dates, hours, and amounts of overtime hours

worked. Defendant argues that without these facts it is unable to admit or deny the truth of the allegations. Plaintiff opposes the Motion, arguing that his Complaint contains all of the allegations required to state a claim for overtime compensation under the FLSA. Plaintiff further states that his counsel has provided Defendant with the information sought in the Motion, such as the dates of Plaintiff's employment, his rate of pay, and the amount of overtime hours worked.

Rule 12(e) of the Federal Rules of Civil Procedure provides that a motion for more definite statement is appropriate "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." However, motions for a more definite statement are disfavored under the law. *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993). "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." *Eye Care Int'l, Inc. v. Underhill*, 92 F. Supp. 2d 1310, 1316 (M.D. Fla. 2000) (citation omitted). "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." *Id.* (citation omitted).

The Court finds that Plaintiff's allegations are sufficient to put Defendant on notice of his claim and the general factual allegations supporting the claim. At this stage of the litigation, Plaintiff is not required to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) only requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (citation omitted). Plaintiff's allegations are not so vague and ambiguous that Defendant cannot respond. Plaintiff has alleged that he was an hourly lab technician, that he was entitled to

overtime compensation, and that Defendant failed to pay him overtime. Discovery is the proper vehicle for Defendant to obtain the additional facts necessary to prepare for trial. Accordingly, Defendant's Motion for a More Definite Statement (Doc. No. 13) under Rule 12(e) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of June, 2007.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge